IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FANNIE MAE a/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-10-CV-1141-N |
| JERRY ZIMMERMAN AND ALL OTHER OCCUPANTS | § § § § | |
| Defendants. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This is a forcible detainer action brought by Fannie Mae a/k/a Federal National Mortgage Association against Jerry Zimmerman and others seeking to evict the defendants from certain real property located at 2406 Custer Parkway, Richardson, Texas. Plaintiff originally filed suit in the Justice of the Peace Court, Precinct 3, Place 2, of Dallas County, Texas. On June 8, 2010, Zimmerman, who is proceeding *pro se*, removed the case to federal court on the sole ground that "it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs[.]" (Def. Not. of Rem. at 1, ¶ III, *citing* 28 U.S.C. § 1332(a)).

The federal removal statute, 28 U.S.C. § 1441(b), provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). Under the plain language of section 1441(b), an action may not be removed on the basis of diversity if any defendant, properly joined and served, is a citizen of the state where the plaintiff filed suit. Here, Zimmerman is a citizen of Texas--the same state where plaintiff filed its forcible detainer action. Consequently, Zimmerman cannot remove the case to federal court.

## **RECOMMENDATION**

The court should *sua sponte* remand this case to the Justice of the Peace Court, Precinct 3, Place 2, of Dallas County, Texas.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 10, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE